**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Michael Yauger as Trustee of Local 786 Building Material Chauffeurs, Teamsters & Helpers Welfare Fund of Chicago and Local 786 Building Material Pension Fund )))))) | NO.: _____ |
| Plaintiff, )) | JUDGE: _____ |
| vs. )) | MAGISTRATE JUDGE: |
| N F Demolition. )) | _____ |
| Defendant. )) | |

**COMPLAINT**

Plaintiff, Michael Yauger, as Trustee of Local 786 Building Material Chauffeurs, Teamsters & Helpers Welfare Fund of Chicago and as Trustee of Local 786 Building Material Chauffeurs Teamsters & Helpers Pension Fund, referred to as the "Funds" by his attorney, Jeffrey Hoff, complains against the defendant, N F Demolition and in support thereof states as follows:

     1.     Jurisdiction and venue are based upon Section 502(a), (e) and (f) of the Employee Retirement Security Act of 1974, as amended ("ERISA"), 29 U.S.C 1132(a), (e) and (f), as more fully appears herein.

     2.     Welfare Fund and Pension Fund are multi-employer employee benefit plans within the meaning of Section 3(3) and (37) of ERISA, 29 U.S.C. 1002(3) and (37), and maintain their principal place of operation at 300 S. Ashland Avenue, Chicago, Illinois.

     3.     Plaintiff, Michael Yauger, is a Trustee of the Welfare Fund and a Trustee of the Pension Fund; is a fiduciary within the meaning of Section 3(21) of ERISA, 29 U.S.C. 1002(21); has been authorized by the Trustees of the Welfare Fund and the Pension Fund to bring this action on behalf of the Funds.

4.     N F Demolition is an Illinois Corporation which maintains its principal place of business within the judicial district and is an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. 1002(5).

5.     Local 786 Building Material, Lumber, Box, Shaving, Roofing and Insulating Chauffeurs, Teamsters, Warehousemen and Helpers, and Related Industry Employees, Watchmen and Security Guards Union ("Local 786"), is an employee organization within the meaning of Section 3(4) of ERISA, 29 U.S.C 1002(4).

6.     N F Demolition and Local 786 are parties to a Collective Bargaining Agreement effective May 1, 2014 through April 30, 2016.   (Agreement).  A true copy of the Agreement is attached hereto as Exhibit 1.

7.     N F Demolition entered into a repayment agreement with the "Fund" on the 1st Day of July 2014. (Exhibit 2)

8.     The "agreement" provided that N F Demolition pay 18 monthly installments of $277.50 to the Welfare Fund and $327.60 to the Welfare Fund.

9.     Notwithstanding the "agreement" N F Demolition has failed to make payments in a timely fashion and now owe the Local Union 786 Welfare Fund $1,110.00 and the Pension Fund $1,310.40.

10.     Notwithstanding the obligations described in Article 16, N F Demolition has failed to pay the Welfare Fund contributions owing for the period August, 2015 through November, 2015 in the approximate amount of $5,508.00, thereby depriving the Welfare Fund of contributions and income and jeopardizing the benefits of participants and beneficiaries, and violating Section 515 of ERISA, 29 USC 1145.

11.     Notwithstanding the obligations described in Article 16, N F Demolition has failed to pay the Pension Fund contributions owing for the period August, 2015 through November, 2015 in the approximate amount of $5,832.00 thereby depriving the Pension Fund of contributions and income and jeopardizing the benefits of participants and beneficiaries, and violating Section 515 of ERISA, 29 USC 1145.

12.     Pursuant to Section 502(g) (2) of ERISA, 29 USC 1132(g) (2), N F Demolition is indebted to the Welfare Fund and to the Pension Fund in addition to the sums found due and owing as delinquent contributions, for double interest thereon, attorney's fees, costs and other legal or equitable relief as this court deems appropriate.

WHEREFORE, plaintiff Trustee respectfully requests that this court issue an order against N F Demolition granting the following relief:

A.     A judgment against defendant in the amount of $7,142.40, plus interest to the Building Material Pension Fund;

B.       A judgment against defendant in the amount of $6,618.00, plus interest to the Building Material Welfare Fund;

C.       A judgment on behalf of plaintiff Trustee for reasonable attorney fees and the costs of this action;

D.       An order that this court will retain jurisdiction of this cause pending compliance with its orders; and

E.       For such further and additional relief as may be necessary

_____                    Date:  12/30/15
Jeffrey W. Hoff, In-House Counsel


300 S. Ashland, Suite 500
Chicago, IL  60607
312 666-1875
28402